■ DOLORES JORDAN, Respondent, v. NEW YORK CITY HOUSING AUTHORITY, Appellant.— Interlocutory judgment, Supreme Court, Bronx County, entered on January 31, 1972, on the issue of liability in favor of the plaintiff, reversed, on the law, without costs and without disbursements, and the complaint dismissed. The defendant, a public housing corporation, is charged with liability under pleadings in that the defendant negligently and carelessly permitted the "public" street and walkways in front of premises 1700 Seward Avenue, Bronx, New York, to remain icy and slippery. The defendant denied it was negligent or "controlled" the sidewalks or walkways in front of its premises. The bill of particulars charges that the defendant's negligence consisted in violating "the laws, statutes and ordinances pertaining to removal of ice and snow and keeping the public thoroughfares clean and safe for pedestrians". This was amended to assert that defendant "was further negligent in violating its own rules and regulations pertaining to its duties and obligations to clean, ·clear and make safe all walks within the property lines of the premises owned by defendant in that it failed to clean and maintain the walk from the rim of the sidewalk to the nursery school in a safe condition for the lawful users thereof by permitting ice and snow to accumulate thereat". On January 15, 1968, at about 8:45 A.M., the plaintiff slipped on ice on the walkway leading from the sidewalk to a nursery school, which is in a separate building occupied by the Soundview Child Care Center (an independent entity under the sponsorship

and control of the City of New York and the Sunshine Day Care Centers Inc.). It had rained on Sunday, January 14, 1968, the night before the accident. On Monday morning, there was a thin sheet of ice covering all the roadways and sidewalks in this area of the Bronx. The defendant's maintenance men started salting and sanding operations at 8:00 A.M. The record discloses that in this multi-building housing project, with about 5,000 inhabitants, the Authority assigned its employees and equipment to clean the exterior sidewalks first and then the walkways. The equipment and sanding operation reached the area where plaintiff was injured about 20 minutes after the accident happened. The Weather Bureau records indicate there were about two inches of rain the day before the accident and by 9:00 A.M. of the day of the accident only a trace. Plaintiff's case is predicated on the presence of a thin sheet of ice on the walkway. There are 13 buildings in the complex. The project covers 26.29 acres with between 3 or 4 miles of perimeter sidewalks or walkways. The record fails to establish that defendant failed to remove the ice after a reasonable time had elapsed under the circumstances to rectify the condition prior to the occurrence. We conclude this is not a case which "makes a jury risk". (*Yonki* v. *City of New York,* 276 App. Div. 407, 410, 411.) If we did not dismiss the complaint, we would order a new trial on the facts and in the exercise of discretion on the ground that the verdict is against the weight of the evidence, and further that the summation references by the attorney for the plaintiff were not supported by the evidence in that it was argued to the jury that there were some patches of snow left from the night before which was to be considered in deciding whether the Housing Authority was doing a good job, this despite the concession that no claim was being made that plaintiff fell on the snow. Moreover, there was no basis for the summation statement that the maintenance men were having coffee when they should have been working. Concur — McGivern, J. P., Kupferman, McNally and Tilzer, JJ.; Nunez, J., dissents and votes to affirm.